82,613-03

**IN THE TEXAS COURT OF**
**CRIMINAL APPEALS FROM THE**
**282ND DISTRICT COURT OF DALLAS**

EX PARTE

James L. Kelley
      Plaintiff

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

V.

Brad Livingston, TDCJ Director            W09-72634-S (B)
                                                   &
Stuart Jenkins, Parole Division Director

## RESPONSE TO FINDINGS OF FACTS
## ON APPLICATION FOR WRIT OF HABEAS CORPUS 11.07

To the Honorable Andy Chatham of the 282nd District Court of Dallas comes now, Mr. James L. Kelley, Applicant Pro-Se in the above styled Cause, and having filed this Habeas Corpus pursuant to the United State Constitution and the Texas Constitution, and Government Code 508.149 (b) 1, 2. U.S.C.A. 14 Amendments under Retzlaff Act.

Mr. Kelley challenges the right to be "Physically Interviewed" in person at time of Parole Eligibility, also back time credit on parole of 18 months due to the negligence of the Board. (Oct. 21, 2012 to June 1, 2014)

## STATEMENT OF CASE

Mr. Kelley was convicted of Poss.,/Fraud of I.D. between 5-10 items under Texas Penal Code 32.51 on December 31, 2010. Mr. Kelley was sentenced to 5 yrs., T.D.C.J. on the NON-Agg. sentence. Mr. Kelley served from June 31, 2010 to June 1, 2014 on Cause #F09-72634. It wasn't until February 18, 2014 that parole interviewed Mr. Kelley for the 1st time **(Appendix B)**

Mr. James L. Kelley #01894193 -PRO-SE
O.B. ELLIS UNIT
1697 F.M. 980
Huntsville, Texas 77343

The Findings of Fact by the state is completely irrelevant to the plaintiff's core allegation of this writ of Habeas Corpus. The State completely ignores the 1st Ground in this Habeas Corpus 11.07

## WHY WAS MR. KELLEY NOT GIVEN HIS RIGHT TO BE INTERVIEWED BY PAROLE WHEN HE BECAME ELIGIBLE ON T.D.C.J. CALCULATED DATE OF <u>OCTOBER 21, 2012</u>? (Appendix A)

Mr. Kelley earned all the good time & worktime requirements with no disciplinary issue for the entire sentence. But once he was eligible it wasn't until 18 months later that he got the interview for parole! **(Appendix B)**

Mr. Kelley's is specific and not general in respects to his rights to be interviewed for parole and given parole because he has earned parole! Mr. Kelley has repeatedly requested the state to address why, how and when Mr. Kelley was denied parole without an interview. There is a constant connection between the penal institution ran by the government and thus the constitutional rights of the inmate should always apply.

## CONCLUSION

Since the State in its response to the 11.07 Writ of Habeas Corpus admits Mr. Kelley became eligible & wasn't interviewed for parole October 21, 2012, the State is AUTOMATICALLY ACKNOWLEDGING the fact that Mr. Kelley was denied his Due Process Rights of Liberty Interest. There can't be one without the other; the State has to admit **BOTH.** If the State admitted Mr. Kelley was eligible for parole (10-21-12), then the State admits Due Process violation because Mr. Kelley didn't see parole until February 2014. (Appendix B) owed time credit for that. It's not optional for the parole board, if the inmate wishes to be interviewed (Isn't that partly why IPO Pamela Freeman is in trouble now?)

## SUMMARY

Mr. Kelley only brings into question that he was deprived of the fundamental parole interview held for his mandatory supervision on parole thus violating his Constitutional Right to Due Process of the 14th Amendment, to be at least be PHYSICALLY INTERVIEWED at FIRST PAROLE ELIGIBILITY DATE (10-21-12).

## PRAYER

Mr. Kelley humbly prays the court will credit the time lost from the violation of 28 months.

I, Mr. James L. Kelley, hereby certify under penalty of perjury on this day August 13, 2015

Respectfully Submitted

*James L. Kelley*

# SLAVERY FOREVER EXIST IN TEXAS



The State of Texas Board of Pardons & Paroles has the exclusive power to grant parole (Board's Discretion).

(Rose v. State, 752 SW 2d 529 - Tex: Court of Criminal Appeals 1987) Texas Government Code on Paroles Statutory Provisions relating to Parole in the Texas Government Code doesn't create Due Process Rights or Liberty Interest for the convict.

(Clark v. State, 754 S.W.2d 499 (Tex. App. 1988)) states once a person is convicted of an offense he has Constitutional Right to be released on parole before the completion of his sentence...<u>REGARDLESS OF GOODTIME or WORKTIME that was EARNED!</u>

This is the state's position in the findings and this is also
## SLAVERY BY TRUE & EXACT DEFINITION
Webster Dictionary –Slavery
1. The condition in which one person is owned as property by another and is under the owner's control, especially in involuntary servitude.
2. The state of servitude as the property of a slaveholder.
3. A mode of production in which slaves constitute the principal work force

In order for it to be called "Parole" there HAS TO BE constitutional Rights of Due Process and Liberty Interest for the convict to go along with parole otherwise it should be called "slavery". It has to be one or the other! As long as government has ties to anything in the United States there has to be constitutional rights for the people even if they are incarcerated. The state of Texas is hiding behind the Board of Parole Discretion in order to "Revolutionize Slavery" without having to address any of the consequences in the Judicial system as it states in Ex Parte Rutledge, 741 S.W.2d 460 (Tex. Crim. App. 1987).

Texas along with the entire country abolished slavery in 1865 when the Civil War ended. "Reformed Slavery" fully exist in Texas by way of the World's largest prison system. (1.5 million prisoners in the last 25 years) in Texas alone. Texas inmates under the **"Universal Declaration of Human Rights Article # 4 states: No one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms.**

Texas inmates have a right not to work but FORCED to or they will do entire sentence in prison. A prisoner by Constitutional and Civil Rights must be compensated "Legitimately" for their work in prison. "Goodtime" in Texas is absolutely not compensation because it's never truly earned or kept. The inmate will ultimately sign all Goodtime back over to T.D.C once they are released. The convict will do exactly every single minute of their sentence in prison or on parole PERIOD!

The Texas penal system encourages the prisoner that they have no constitutional rights or Liberty interest and deserve no pay for millions of hours worked making T.D.C.J literally " billions of dollars" over those years. They also receive federal

funding, Inmates work outside contracts for T.D.C.J for profit and they are on the stock market for the unlimited products convict make. (all money hidden in private accounts). The real purpose of prison is to separate the inmates from society for a specific period of time, not to be misled by parole or mistreated by prison officials "Forced Labor" and "Harsh Living Conditions". These are victims being punished beyond that which is necessary for the orderly control of the prison system. **(Ruiz v. Johnson, 154 F. Supp. 2d 975 –Dist. Court., SD Texas 2001)**

Slavery should've ended with the Civil War but the Rights of all races are abused in Texas, the state believe it's "Above the Law" and their OPPRESSIVE, OUTDATED, and COUNTERPRODUCTIVE WAYS start in the corrupt courts all the way up to the "Reformed Slavery" in the Texas Prison System!



